UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


MARCO A. LOPEZ

      Plaintiff,

                                  Judge:

      v.                          Case No.:

WORLD FINANCIAL NETWORK
NATIONAL BANK
and
PORTFOLIO RECOVERY
ASSOCIATES, LLC.

      Defendant,
_____/

# **COMPLAINT**

      Plaintiff, MARCO A. LOPEZ, on behalf of himself, through the undersigned attorneys, files this Complaint against WORLD FINANCIAL NETWORK NATIONAL BANK [herein referred to as "WORLD FINANCIAL"] and PORTFOLIO RECOVERY ASSOCIATES, LLC. [herein referred to as "PORTFOLIO RECOVERY"], and the state as follows:

## **A.  JURISDICTION**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.     The Defendant, PORTFOLIO RECOVERY is subject to the personal jurisdiction of this Court because it engages in substantial activity within Florida, additionally they have made substantial business contacts with the Plaintiff in Miami Dade County, Florida.

3.     The Defendant, WORLD FINANCIAL is subject to the personal jurisdiction of this Court because it engages in substantial activity within Florida, additionally they have made substantial business contacts with the Plaintiff in Miami Dade County, Florida.

## B.  VENUE

4. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

a.     The unlawful collection practices alleged below occurred and/or were committed in Miami Dade County, Florida, in the Southern District of Florida;

b.     At all times material hereto, Defendants, PORTFOLIO RECOVERY and WORLD FINANCIAL were and continues to be a corporation engaged in the business and/or activity of

collecting debts in Miami Dade County, Florida, and as such is a citizen of the State of Florida.

## C.  PARTIES

5.    Plaintiff, MARCO A. LOPEZ, (hereinafter "Plaintiff), is an individual residing in the County of Miami Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant, PORTFOLIO RECOVERY is a company operating from an address of PO Box 4115, Concord, CA  94524 and whose principle business is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.    Defendant, WORLD FINANCIAL, is a company operating from an address of 4590 East Broad Street, Columbus, Ohio and whose principle business is extending credit and collecting consumer debts and is, therefore,  a " consumer debt collector" as that term is defined by Fla. Stats. § 559.55 - §559.785.

## D.  FACTS COMMON TO ALL COUNTS

8.    Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes, which is an alleged

"debt" as that  term is defined by 15 U.S.C. § 1691a(5), namely, a consumer debt.

9. This debt was fraudulently obtained without Plaintiff's knowledge and permission.

10. Plaintiff notified Defendant WORLD FINANCIAL that this was a fraudulent debt and demanded all collection efforts cease.

11. Defendant WORLD FINANCIAL instead continued to contact the Plaintiff to collect on this debt and later transferred collection activities to Defendant PORTFOLIO RECOVERY.

12. PORTFOLIO RECOVERY  sent Plaintiff dunning letters to collect on this debt and PORTFOLIO RECOVERY knew or should have known that this account was fraudulent.

13.  Defendants WORLD FINANCIAL and PORTFOLIO RECOVERY knew this account originated as a Victoria Secret's charge account and used this information to intimidate and harass Plaintiff.

14. Said actions by Defendant PORTFOLIO RECOVERY, is in violation of provisions of the FDCPA, specifically in violation of 15 U.S.C. § 1692 E(2), E(10) and F(1).

15. Upon information and belief, PORTFOLIO RECOVERY has violated other sections of 15 U.S.C. § 1692, et seq.

## E. CAUSES OF ACTION

COUNT ONE
VIOLATION OF THE
FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C § 1692 et seq.
PORTFOLIO RECOVERY

16. Plaintiff incorporates paragraphs 1 through 15 as though fully stated herein.

17. The foregoing acts and omissions of Defendant as further described within  this Complaint constitute violations of the FDCPA, including but not limited to each and every of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

18. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out- of-pocket expenses as well as other actual damages and is therefore entitled to  an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for:

- For an award of actual damages pursuant to 15. U.S.C.  § 1692k(a)(1) against Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Defendant; and

- For such other and further relief as may be just and proper.

<u>COUNT TWO</u>
VIOLATION OF THE
FLORIDA CONSUMER COLLECTION PRACTICES ACT
Fla. Stat. § 559.55 - §559.785
PORTFOLIO RECOVERY and WORLD FINANCIAL

16.      Plaintiffs incorporate paragraphs 1 through 15 as though fully stated herein.

17.    Plaintiff allegedly entered into a credit contract pursuant to which Plaintiff purchased consumer goods as required under Fla. Stats. §559.55 - §559.785.

18.    Credit was extended via a consumer credit card used to purchase goods or services for personal, family, or household use.

19.      Plaintiff advised the Defendant WORLD FINANCIAL that this debt was obtained fraudulently.

20.      Defendant PORTFOLIO RECOVERY and WORLD FINANCIAL has harassed Plaintiff as stated previously in Paragraph 8-15 of this complaint.

21.     Said conduct is in direct violation of Section 559.72, et seq. of the Florida Statutes.

22.     The acts of Defendant mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

23.     As a direct and proximate result of the conduct and acts of Defendant mentioned above, plaintiff has suffered sever pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

24.     As this account appears to be a Victoria Secret's card, it has directly impacted his marital relationship.

25.     Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendant mentioned above, and has agreed to pay counsel a reasonable attorney fee.

26.     Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, travel expenses, and other expenses, all to Plaintiff's further damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be

entered against Defendant PORTFOLIO RECOVERY and WORLD FINANCIAL pursuant to Fla. Stats. for:

?That Defendant be enjoined from any and all further illegal collection practices against the Plaintiff;

?For actual damages or for statutory damages of $1000 whichever is greater;

?For punitive damages;

?For attorney fees'

?For costs of suit; and

?For such other and further relief as the court deems proper.

### F. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury. US Const.

Amend. 7  and Fed. R. Civ. Pro. 38.

Dated this 30th day of April of 2012.

<div style="margin-left:auto">

Respectfully submitted,
Law Offices of
SAMIRA GHAZAL, PA.
Attorney for Plaintiff
1909 SW 27th Avenue
Miami, FL  33145
Tel.  305.860.1221
Fax. 305.860.9161
Email:  Samira@SamiraGhazal.com

 /s/Samira Ghazal
Samira Ghazal, ESQ.
FBN: 0864617

</div>