UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARCO A. LOPEZ,

        Plaintiff,                CASE NO. 1:12-cv-21649-FAM

v.

WORLD FINANCIAL NETWORK
NATIONAL BANK and
PORTFOLIO RECOVERY
ASSOCIATES, LLC,

        Defendants.
_____/

**PORTFOLIO RECOVERY ASSOCIATES, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant Portfolio Recovery Associates, LLC ("Portfolio"), and for its Answer and Affirmative Defenses (the "Answer") to Plaintiff's Complaint (the "Complaint"), states as follows:

1. The allegations contained in Paragraph 1 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Portfolio admits that this Court properly exercises subject matter jurisdiction over claims brought under the FDCPA.

2. The allegations contained in Paragraph 2 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Portfolio admits that this Court properly exercises personal jurisdiction over Portfolio. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Portfolio avers that no response is required of it. To the extent a response is required, Portfolio lacks knowledge or information

1

sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies them.

4. Denied.

5. Portfolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies them.

6. Denied.

7. In answering Paragraph 7 of the Complaint, Portfolio avers that no response is required of it. To the extent a response is required, Portfolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis denies them.

8. Portfolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies them.

9. Denied.

10. In answering Paragraph 10 of the Complaint, Portfolio avers that no response is required of it. To the extent a response is required, Portfolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies them.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. In answering Paragraph 16 of the Complaint, Portfolio incorporates by reference Paragraphs 1 through 15 above as if fully set forth herein.

17. Denied.

18. Portfolio denies all of the allegations set forth in Paragraph 18 of the Complaint, and states that it is not liable to Plaintiff for any damages for any reason.

16. [SIC] In answering the second Paragraph 16 of the Complaint, Portfolio incorporates by reference Paragraphs 1 through 15 above as if fully set forth herein.

17. [SIC] Portfolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second Paragraph 17 of the Complaint, and on that basis denies them.

18. [SIC] Portfolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second Paragraph 18 of the Complaint, and on that basis denies them.

19. Portfolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis denies them.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Portfolio denies all of the allegations set forth in Paragraph 26 of the Complaint, and states that it is not liable to Plaintiff for any damages for any reason.

## GENERAL DENIAL

Portfolio denies all allegations in the Complaint not expressly admitted.

## FURTHER AND AFFIRMATIVE DEFENSES

Portfolio reserves the right to amend or supplement its Answer as information is gathered through discovery. Portfolio also reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff:

### First Affirmative Defense

Plaintiff's claim is barred, in whole or in part, for failure to state a claim on which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because Plaintiffs suffered no actual damages as a result of Portfolio's alleged conduct.

### Third Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because if a violation of the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

### Fourth Affirmative Defense

Plaintiff is precluded from recovering statutory damages against Portfolio in the absence of any showing that Portfolio violated the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act.

**Fifth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

**Sixth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, by the doctrine of ratification.

**Seventh Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, by the failure to mitigate damages.

**Eighth Affirmative Defense**

To the extent Plaintiff's claim relates to conduct outside of the relevant statutes of limitations, Plaintiff's claim is, in whole or in part, time-barred.

**Ninth Affirmative Defense**

Plaintiff's purported injury has been caused, in whole or in part, by Plaintiff's own conduct, actions, omissions, delay, or failure to act.

**Tenth Affirmative Defense**

Portfolio has established and implemented, with due care, reasonable policies and procedures to effectively prevent telephone solicitation in violation of the regulations as prescribed under 47 U.S.C. § 227, *et seq*. Portfolio's compliance with the statutes, rules, and regulations governing the subject matter of this lawsuit precludes liability to Plaintiff.

**Eleventh Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

**Twelfth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

Portfolio expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's claims and Portfolio's position in this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Portfolio prays that the Court determine and adjudge as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by his Complaint;

3. That Portfolio be awarded all of its costs, disbursements, and expenses incurred herein; and,

4. That the Court award such other and further relief as it deems just and proper.

Dated this 8th day of June, 2012.        /s/ Sharina T. Romano
Sharina Talbot Romano
Fla. Bar No. 65501
Portfolio Recovery Associates, LLC
Office of General Counsel
140 Corporate Boulevard
Norfolk, VA  23502
(757) 481-8365
(757) 321-2518 (fax)
stromano@portfoliorecovery.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing on June 8, 2012 to:

Samira Ghazal, P.A.
1909 SW 27th Avenue
Miami, FL 33145
Tel: 305.860.1221
Fax: 305.860.9161
Email: samira@samiraghazal.com
*Counsel for Plaintiff*

                */s/ Sharina T. Romano*
                Sharina T. Romano