UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARCO A. LOPEZ,

    Plaintiff,

v.

                              Case No. 1:12-cv-21649-FAM

WORLD FINANCIAL NETWORK
NATIONAL BANK; and PORTFOLIO
RECOVERY ASSOCIATES, LLC,

    Defendants.
_____/

## DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, Portfolio Recovery Associates, LLC ("Portfolio"), by and through its undersigned counsel and pursuant to Southern District of Florida Local Rule 56.1, files this its Statement of Material Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment, and states as follows:

1. Portfolio does not dispute the assertions in Paragraph 1 of Plaintiff's Statement of Material Facts.

2. It is disputed as whether the Victoria's Secret Charge Account (the "Account") is a "consumer debt," which is required in order to sustain a claim under both the FDCPA and the FCCPA (*see* Portfolio's Motion for Summary Judgment at 5-7); (*see also* Lopez Depo. p. 58, lines 3-25; p. 59, lines 1-5.)

3. Portfolio disputes the assertion that it is a debt collector in this instance and Plaintiff has no record evidence for this position.

4. Portfolio does not dispute the assertions in Paragraph 4 of Plaintiff's

Statement of Material Facts.

5. It is disputed as to whether Plaintiff has been the victim of mistaken identity, as Plaintiff has made no citation to record evidence on this issue. (*See* Paragraph 28, *infra*.)

6. Portfolio does not dispute the assertions in Paragraph 6 of Plaintiff's Statement of Material Facts.

7. Portfolio disputes Paragraph 7 of Plaintiff's Statement of Material Facts to the extent Plaintiff fails to identify record evidence supporting his assertions. (*See* Paragraph 28, *infra*.)

8. Portfolio does not dispute the assertions in Paragraph 8 of Plaintiff's Statement of Material Facts.

9. Portfolio does not dispute the assertions in Paragraph 9 of Plaintiff's Statement of Material Facts.

10. Portfolio disputes Paragraph 10 of Plaintiff's Statement of Material Facts to the extent Plaintiff fails to identify record evidence supporting his assertions. (*See* Paragraph 28, *infra*.)

11. Portfolio disputes Paragraph 11 of Plaintiff's Statement of Material Facts to the extent Plaintiff fails to identify record evidence supporting his assertions. (*See* Paragraph 28, *infra*.)

12. Portfolio disputes Paragraph 12 of Plaintiff's Statement of Material Facts to the extent Plaintiff fails to identify record evidence supporting his assertions. (*See* Paragraph 28, *infra*.)

13. Portfolio does not dispute the assertions in Paragraph 13 of Plaintiff's

Statement of Material Facts.

14. Portfolio does not dispute the assertions in Paragraph 14 of Plaintiff's Statement of Material Facts, but notes that Plaintiff identifies no record evidence supporting his assertions.

15. Portfolio disputes Paragraph 15 of Plaintiff's Statement of Material Facts to the extent Plaintiff fails to identify record evidence supporting his assertions. (*See* Paragraph 28, *infra*.)

16. Portfolio disputes Paragraph 15 of Plaintiff's Statement of Material Facts to the extent Plaintiff fails to identify record evidence supporting his assertions. (*See* Paragraph 28, *infra*.)

17. Portfolio does not dispute the assertions in Paragraph 17 of Plaintiff's Statement of Material Facts. World Financial never informed Portfolio that the Account had been disputed by Plaintiff. (*See* Jackson Depo. p. 9, lines 23-25; p. 10, lines 1-6). Nor was Portfolio provided with a copy of Plaintiff's Fraud Affidavit prior to this litigation. (Jackson Depo. p. 12, lines 8-10; p. 13, lines 12-18); (Lopez Depo. p. 41, lines 4-8.)

18. Portfolio does not dispute the assertions in Paragraph 18 of Plaintiff's Statement of Material Facts.

19. Portfolio does not dispute the assertions in Paragraph 19 of Plaintiff's Statement of Material Facts.

20. Plaintiff's assertions in Paragraph 20 of his Statement of Material Facts are misleading. Prior to beginning collection efforts, Portfolio first sent Plaintiff a dispute verification letter in compliance with 15 U.S.C. §1692(g) on January 1, 2012. (Lopez Depo *Exhibit 1*.) Only after Plaintiff did not respond to this letter, or otherwise give

Portfolio written notice of a dispute, did Portfolio begin collection efforts. (*See* Jackson Depo. p. 31, lines 9-13); (Jackson Depo. p. 29, lines 17-22) (Lopez Depo. p. 40, lines 19-25; p. 41, lines 1-3.)

21. Portfolio disputes the assertions in Paragraph 21 of Plaintiff's Statement of Material Facts to the extent that Plaintiff has failed to identify record evidence suggesting this statement. Portfolio also disputes whether it had any obligation to conduct such an investigation. (*See* Portfolio's Motion for Summary Judgment at 8-9.)

22. Plaintiff correctly states in Paragraph 22 of his Statement of Material Facts that Portfolio would not have contacted Plaintiff had it known that the Account was in dispute. The problem, of course, was that Portfolio had no way of knowing that the Account was in dispute prior to this litigation. (*See* Jackson Depo. p. 29, lines 17-22, p. 30, lines 21-25; p. 31, lines 1-25; p. 32, lines 1-4.)

23. Portfolio does not dispute the assertions in Paragraph 23 of Plaintiff's Statement of Material Facts. However, Portfolio disputes whether such phone calls constitute violations of the FDCPA or FCCPA, and if they do, Portfolio further disputes whether such phone calls constitute bona fide errors as a matter of law. (*See* Portfolio's Motion for Summary Judgment at 4-14.)

24. Portfolio does not dispute the assertions in Paragraph 24 of Plaintiff's Statement of Material Facts.

25. Portfolio does not dispute the assertions in Paragraph 25 of Plaintiff's Statement of Material Facts.

26. Portfolio does not dispute the assertions in Paragraph 26 of Plaintiff's Statement of Material Facts. However, Portfolio disputes whether alleged claims arising

from these phone calls are properly considered for purposes of Plaintiff's Motion for Partial Summary Judgment. Such allegations were not pled in Plaintiff's Complaint, and Plaintiff has not moved to amend his Complaint. (*See* Compl.)

27. Plaintiff's assertions in Paragraph 27 of his Statement of Material Facts are false and not supported by citation to record evidence. (*See also* Paragraph 28, *infra*.) Portfolio did not have knowledge that the Account was in dispute prior to the filing of this suit. (*See* Jackson Depo. p. 30, lines 21-25; p. 31, lines 1-25; p. 32, lines 1-4.) World Financial never informed Portfolio that the Account had been disputed by Plaintiff. (*See* Jackson Depo. p. 9, lines 23-25; p. 10, lines 1-6.) Portfolio was not provided with a copy of Plaintiff's Fraud Affidavit prior to this litigation. (Jackson Depo. p. 12, lines 8-10; p. 13, lines 12-18) (Lopez Depo. p. 41, lines 4-8.) Plaintiff did not respond to Portfolio's dispute verification letter. (Jackson Depo. p. 29, lines 17-22) (Lopez Depo. p. 40, lines 19-25.) Plaintiff did not even read Portfolio's verification letter. (Lopez Depo. p. 21, lines 21-24; p. 39, lines 6-12.) Plaintiff did not otherwise send Portfolio a written notice of dispute. (Lopez Depo. p. 41, lines 1-3.)

### ADDITIONAL MATERIAL FACTS

28. Portfolio disputes Plaintiff's entire Statement of Material Facts ("PSOMF") to the extent it does not comply with Local Rule 56.1. Several of Plaintiff's enumerated "undisputed" facts do not contain a citation to record evidence. (PSOMF ¶¶ 5, 7, 10, 11, 12, 14, 15, 20, 21, 24, 27.) Further, of the paragraphs that do contain a citation, such citations are largely too vague to put Portfolio on notice of the bases underlying Plaintiff's assertions and allow Portfolio to formulate a complete defense. For instance, not a single deposition citation points the reader to specific page lines. (PSOMF

¶¶ 4, 6, 8, 16, 17, 18, 22.) Lastly, Plaintiff did not make a separate filing of his Statement of Material Facts, but instead included it as part of his Motion for Partial Summary Judgment in clear violation of Local Rule 56.1.

29. Plaintiff has maintained that the Account does not belong to either himself or his family, and that he has never opened any credit account with Victoria's Secret. (Lopez Depo p. 14, lines 9-14; p. 15, lines 1-3; p. 18, lines 6-7; p. 24, line 23; p. 29, lines 16-21; p. 31, lines 23-25; p. 34, lines 8-17; p. 45, lines 18-19) (*see also* Compl. ¶ 9.)

30. Plaintiff has "no idea" what was purchased on the Account. (Lopez Depo. p. 58, lines 3-5.)

31. Plaintiff maintains that he told World Financial that the Account is not his. (Lopez Depo. p. 14, lines 11-14.)

32. If Portfolio did receive Plaintiff's Fraud Affidavit, it would have initiated its disputed debts procedures. (Jackson Depo. p. 14, lines 13-20; p. 15, lines 14-16; p. 16, lines 19-23.)

33. Portfolio has a thorough process by which it learns of and accommodates disputed debts. Prior to beginning any collection activities on a new account, Portfolio sends a verification letter the debtor. The letter informs debtors that their account has been assigned to Portfolio and that Portfolio will begin the collection process in 30-days unless the debtor disputes the debt in writing. (Jackson Depo. p. 14, lines 21-25; p. 15, lines 1-3); (Lopez Depo., *Exhibit 1*.)

34. Additionally, the letter states that Portfolio will provide the debtor with the name and mailing address of the original creditor upon request. (Jackson Depo. p. 15, line 25; p. 16, lines 1-2); (Lopez Depo., *Exhibit 1*.)

35. Whenever Portfolio's Collection Department receives a written dispute from a debtor, the Collection's Department notes the debtor's account, notifies the Dispute Department, and immediately transfers the account to a "non-collectible" status. (Jackson Depo. p. 15, lines 23-24; p. 17, lines 4-5.)

36. The Dispute Department then seeks to validate the account. (Jackson Depo. p. 15, lines 7-8; p. 16, lines 24-25.)

37. While the Dispute Department seeks to validate the account, Portfolio's Collection Department shuts down all collection efforts, including telephone calls, until the dispute is resolved. It is Portfolio's policy to not collect on accounts that that have been disputed until the validation process is complete. (Jackson Depo. p. 15, lines 5-7, 24-25; p. 16, lines 23-24.)

38. Portfolio also has a policy for dealing with verbal disputes over the telephone. (Jackson Depo. p. 15, lines 12-14.)

39. Whenever a debtor disputes his debt over the telephone, Portfolio instructs him that his request must be in writing, instructs him on how to make such a dispute, and places a stop all calls on the debtor's account for fourteen (14) days so as to provide the debtor with plenty of time to follow through with the written dispute process. (Jackson Depo. p. 15, lines 22-25; p. 16, lines 1-2, 23-25; p. 17, lines 1-8.)

40. If Plaintiff had sent Portfolio a written notice of dispute, Portfolio has procedures and systems in place that are designed to upload such documents upon receipt and there would be records of them. (Jackson Depo. p. 12, lines 22-15; p. 13, line 1.)

41. Portfolio has no record of ever speaking with Plaintiff. (Jackson Depo. p. 19, lines 2-6; p. 29, lines 17-22.)

42. Plaintiff alleges that he spoke with Portfolio one time, and that during this conversation he informed Portfolio that the Account was not his. (Lopez Depo. p. 31, lines 19-23.)

43. Plaintiff states that he did not speak to Portfolio again after this alleged conversation. (Lopez Affidavit, p. 35, lines 2-16.)

44. Plaintiff does not know the year in which his alleged phone conversation with Portfolio took place, nor does he know with whom he spoke. (*See* Lopez Depo. p. 32, lines 1-25; p. 33, lines 1-9.)

45. After Plaintiff allegedly spoke with Portfolio, Plaintiff "just hung up" the phone and "didn't give them time to say anything" in response. (Lopez Depo. p. 34, lines 11-25; p. 35, line 1.)

46. Upon receiving a copy of Plaintiff's Complaint, Portfolio attempted to place a hold on Plaintiff's account and cease all communications with Plaintiff until the litigation could be dealt with. (Powell Declaration ¶ 2.) This practice is consistent with Portfolio's policies and procedures. (Id.)

47. An inquiry into Portfolio's records revealed that it had numerous accounts belonging to persons named "Marco Lopez." (Powell Declaration ¶ 3.)

48. Because there were multiple accounts for "Marco Lopez" Portfolio sent correspondence to Plaintiff's counsel requesting additional information to assist it in identifying the account at issue. (Powell Declaration ¶ 4.) The information requested by Portfolio was not furnished in response to Portfolio's request. (Id.)

49. Portfolio sent a follow-up correspondence to Plaintiff's counsel on June 4, 2012, again requesting information to assist in identifying the account at issue. (Powell

Declaration ¶ 6.)

50.     After finally receiving the requested information from Plaintiff's counsel, Portfolio placed a hold on Plaintiff's account. (Powell Declaration ¶ 7.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2012 this Notice was electronically filed with the Clerk of Court using the ECF electronic filing system which electronically notifies the following:

| Samira Ghazal, Esq.<br>1909 SW 27th Avenue<br>Miami, FL 33145<br>samara@samiraghazal.com | Dale Golden, Esq.<br>Golden & Scaz, PLLC<br>201 North Armenia Avenue<br>Tampa, FL 33609<br>dale.golden@goldenscaz.com |
|---|---|

s/ Robert E. Sickles
Robert E. Sickles, P.A.
rsickles@hinshawlaw.com
Florida Bar No. 167444
**HINSHAW & CULBERTSON LLP**
100 South Ashley Drive, Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
*Attorney for Defendant Portfolio Recovery Associates, LLC*