IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:12-cv-21649-FAM

MARCO A. LOPEZ,

    Plaintiff,

vs.

WORLD FINANCIAL NETWORK
NATIONAL BANK,

and

PORTFOLIO RECOVERY
ASSOCIATES, LLC

    Defendants.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (D.E. 23)**

    Defendant, World Financial Network National Bank (World Financial), by and through the undersigned counsel, hereby submits its Response to Plaintiff's Motion for Summary Judgment. Defendant submits that Plaintiff's Motion should be DENIED, and in support states as follows:

    **I.    Plaintiff's Motion for Summary Judgment**

    Defendant hereby expressly incorporates by reference its Motion for Summary Judgment (DE 24). The Plaintiff's *sole* claim against World Financial in his Motion for Summary Judgment (DE 23) is that it violated FCCPA **§ 559.72(6)** for failing to disclose to co-defendant, Portfolio Recovery Associates (PRA) the subject account was disputed. (See Paragraph 17 and Section III of DE 23). Plaintiff goes on to state in his motion that

the "FCCPA imposes on the original creditor a duty to disclose to all third parties that an account is disputed .FCCPA **§559.72 (6)".**

II.     **Legal Standard**

Summary judgment is proper if following discovery, the pleadings, depositions, *\*1273* answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Id. at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1280 (11th Cir.2004).

III.    **Legal Argument**

The Plaintiff completely fails to quote the all-important preamble of Florida Statute **§ 557.72** in his motion. The preamble specifically says that:  "in *collecting* consumer debts, no person shall…"  It then goes on to specifically name 19 prohibited acts.  As discussed in World Financial's Motion for Summary Judgment (DE 24), in order to fall under the purview of § 559.72, one must necessarily be "collecting consumer debts."  As is more fully addressed in World Financial's Motion for Summary Judgment, "when the statutory language is clear, courts have no occasion to resort to rules of

construction-they must read the statute as written, for to do otherwise would constitute an abrogation of legislative power." *Nicoll v. Baker*, 668 So.2d 989, 990-91 (Fla.1996). Moreover, "courts are not at liberty to add words to statutes that were not placed there by the Legislature." *Seagrave v. State*, 802 So. 2d 281, 287 (Fla. 2001).

World Financial's failure to tell PRA that Plaintiff disputed the debt did not occur while World Financial's was collecting the debt. It occurred when World Financial was selling the debt *after* World Financial had stopped collecting on the debt. Since World Financial was not "collecting [a] consumer debt" when it failed to disclose Plaintiff's dispute, the Plaintiff's claims do not fall under the purview of the § 559.72(6).

The Plaintiff's motion completely fails to point out preamble language for a simple reason. His claim is undermined by the plain language of the statute since the prohibited practices listed in §559.72 applies only to acts taken when "collecting consumer debts." It does not apply when selling consumer debts.

Consequently, the Plaintiff's claims must fail and World Financial is entitled to summary judgment as a matter of law on Plaintiff § 559.72(6) claim.

**IV.   Conclusion**

Based upon the foregoing, Defendant requests that the Plaintiff's Motion for Summary Judgment be denied and that World Financial's Motion for Summary Judgment be granted.

WHEREFORE, Defendant, World Financial Network National Bank respectfully requests an Order from this Court denying Plaintiff's Motion for Judgment, granting it summary judgment as a matter of law and dismissing the Plaintiff's claims with prejudice.

Respectfully submitted,

/s/Dale T. Golden
DALE T. GOLDEN, ESQUIRE
FBN:  0094080
**GOLDEN & SCAZ, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609
813-251-5500(p)
813-251-3675(f)
dgolden@goldenscaz.com
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record on this 8th day of November, 2012.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
FBN:  0094080