UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case # 1:12-cv-21649-FAM

MARCO A. LOPEZ
    Plaintiff,

    v.

WORLD FINANCIAL NETWORK
NATIONAL BANK
and
PORTFOLIO RECOVERY
ASSOCIATES, LLC.
    Defendants,
_____/

## PLAINTIFF MARCO LOPEZ'S STATEMENT OF CONTESTED MATERIAL FACTS IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANT PORTFOLIO'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, MARCO A. LOPEZ ("LOPEZ"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rule 7.5(c) of the United States District Court for the Southern District of Florida, hereby files this Statement of Contested Material Facts in support of its Response in Opposition to Portfolio's Motion for Summary Judgment. In support therefore, Plaintiff states:

## DEFENDANT'S STATEMENT OF MATERIAL FACT

1. Plaintiff does not dispute this paragraph.
2. Plaintiff does not dispute this paragraph.

1

3. Portfolio contends that Plaintiff represented that when he was contacted by World Financial, that World Financial asked for someone other than the "Plaintiff".    Plaintiff's position is that World Financial Bank was seeking a person named Marco A. Lopez, the same name belonging to the Plaintiff.
   [See Deposition of Sherri Althoff of World Financial at page 9-12, referring to Exhibit 1].

4. Plaintiff contends that he is the victim of mistaken identity. [See Affidavit of the "real" Marco A. Lopez].

5. Plaintiff has no idea what was purchased on this account, but documents provided by WORLD FINANCIAL and other discovery demonstrate this was a consumer debt; Specifically, for the purchase of intimate female apparel from Victoria Secrets.

6. It is correct to state that Plaintiff's position is that he did not open this account and that he is not liable on this account.

7. Plaintiff does not dispute this paragraph.

8. Plaintiff does not dispute this paragraph.

9. Plaintiff does not dispute this paragraph.

10.    Plaintiff does not dispute this paragraph.

11.    Plaintiff does not dispute this paragraph.

12.    Portfolio contends that if they had received a copy of Plaintiff's Fraud affidavit, it would have "initiated its disputed debts procedures".  Plaintiff's position is that there were no procedures in place to verify the validity of a debt <u>before</u> Portfolio began collection activities.  Additionally, after being advised by telephone by the Plaintiff and served with a law suit

no effort was made by PORTFOLIO  to initiate its disputed debts procedures. [See Plaintiff's Motion for Summary Judgment and Exhibits]

13.     Portfolio alleges that it has a "thorough process by which it learns of and accomodates disputed debts".  Plaintiff's position is that there is no evidence Portfolio followed ANY process. Even after the law suit was served, Portfolio failed to place this account in a disputed status and conduct an investigation. Instead, it continued to contact the Plaintiff telephonically. [See Plaintiff's Motion for Summary Judgment and Exhibits]

14.     Portfolio failed to conduct any type of investigation or provide Plaintiff with any information.

15.     There is no evidence to support that PORTFOLIO placed this account in dispute status.

16.     There is no evidence to support that PORTFOLIO'S  Dispute Department ever sought to validate this debt.

17.     There is no evidence to support PORTFOLIO ever shut down any collection efforts against the Plaintiff.

18.     There is no evidence to support PORTFOLIO ever implemented this policy.

19.     There is no evidence to support PORTFOLIO ever implemented this policy.

20.     There is no evidence to support PORTFOLIO ever implemented any safeguard procedures.

21.    There is no evidence that PORTFOLIO conducted any typoe of verification prior to sending out its initial verification letter. Instead, it relied exclusively on World Financial's representations.

22.    The evidence demonstrates that Plaintiff did not respond because he had already provided a fraud affidavit to the original creditor. [See Depo of Marco Lopez].

23.    Plaintiff did not read the initial letter because once he became aware that it concerned the Victoria Secret's account, he relied on his previous fraud affidavit.  [ See Depo of Marco Lopez ]

24.    It is Plaintiff's position that Plaintiff sent a fraud affidavit to the original creditor which Portfolio should have requested, but never did.

25.    It is Plaintiff's position that any systems Portfolio had in place failed miserably in this case.

26.    Portfolio did contact Plaintiff telephonically and Plaintiff stated the account was disputed [See Marco Lopez Deposition].

27.    This is correct.

28.    Plaintiff did not verbally contact Portfolio, but instead served Portfolio  with this law suit.

29.    Plaintiff did not know the exact date, but Portfolio's discovery demonstrates that the telephone call took place on or about March of 2012.

30.    It is Plaintiff's position that he disputed the account and hung up, but Portfolio failed to conduct any type of investigation based on this verbal dispute.

31.    Portfolio alleges in Paragraph 31 and 32 that it is not liable because Plaintiff's marriage was damaged long before the account was assigned to Portfolio.  Plaintiff suffered damages because he was harassed by Portfolio.  Plaintiff stated that Portfolio was liable for their letters because he was harassed, in part by his wife, as she did not believe him.  She confronted him asking if he was having an affair, and now he has suffered a lack of intimacy in the marriage. [Deposition of Marco Lopez Pages 47-52]

## MEMORANDUM OF LAW

### I. Summary Judgment Standard

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) "The burden of demonstrating the satisfaction of this standard lies with the movant, who must present pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that establish the absence of any genuine material, factual dispute." Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1252-53

(11th Cir. 2003) (internal quotations omitted).    A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Once the moving party satisfies that burden, the non-moving party must introduce facts showing a a genuine issue of material fact.    Imaging Business Machines, LLC vs. BancTec, 459 F. 3 d 1186, 1192 (11th Cir 2006).

## II. Respone To PORTFOLIO'S Entitlement to Judgment as a matter of law on all Plaintiff's claims under §1692E and §1692F of the FDCPA

Plaintiff contests Portfolio's two part argument.  Portfolio's first argument is that Plaintiff cannot sustain claims under §1692E and §1692F of the FDCPA  because the Plaintiff should have reasonably known the debt did not belong to him.  Portfolio's second position is that there is no evidence that this is a consumer debt as defined by 15 USC §1692.

First Portfolio attempts to argue that because the Plaintiff knew that they had the wrong "Marco A. Lopez", his claim must fail as a matter of law.   In support of this argument, Portfolio cites the McDermott v. Randall S. Miller & Associates, P.C., 835 F. Supp 2d 362, 371-72 (E.D. Mich. 2011). However, Portfolio has misinterpreted this case law because McDermott correctly states that:

6

"When a plaintiff knew that a debt collection agency was not attempting to collect on a debt owed by him, then as a matter of law, he cannot sustain a Fair Debt Collection Practices Act claim under 15 U.S.C.S. ßß 1692e or 1692f.".

In fact, this case is the opposite of what the Plaintiff is claiming. The Plaintiff's claim is that Portfolio is and has always been attempting to collect a debt from him.  The fact that he knew it was the wrong Marco A. Lopez does not mean he is barred from stating a claim.   The damages arise because WORLD FINANCIAL and PORTFOLIO did not believe him.  The purpose of the Fair Debt Collection Practices Act is to protect ALL consumers.

In support of this argument, Portfolio also cites to Kane v. National Action Financial Services, no 11-cv-11505, 2011 WL 6018403, at *1, 4 (E.D. Mich. Nov. 7, 2011), which states

"Each time Mr. Kane would contact NAFS . . . he would receive an automated message indicating that he was Ms. Seana Bartlett and that an alleged debt was owed."). As the court in Hill observed, "[e]ven an unsophisticated consumer knows [his] own name." Hill, 574 F. Supp. 2d at 826. Accordingly, Mr. Kane's claims under ß 1692e and ß 1692f fail as a matter of law, and NAFS's motion to dismiss as to those claims will be granted.

PORTFOLIO alleges this case is <u>exactly</u> on point.  In reality, the facts are very different.  In Plaintiff's case, you have a consumer who is the victim of mistaken identity.  He has the same name as the person PORTFOLIO is seeking.  To argue that Plaintiff knew it wasn't him and therefore PORTFOLIO is not liable would defeat the entire

purpose of the Fair Debt Collection Practices Act.  It would allow debt collection agencies to send letters to any and everyone.  If it's not the correct consumer's account, then the consumer has the burden to file a dispute.  That defeats the statutes intent, which is to protect all consumers.  As an example, victims of identity theft would be barred from filing causes of action against debt collection agencies because they knew it was not "their" account.  Unlike Kane, the names in this case here were not drastically different.  The names were exactly the same.  Plaintiff reasonably believed at all times that PORTFOLIO was pursuing him for this debt.  He attempted various times to notify them that they had the wrong Marco A. Lopez.  He was ignored and harassed as a result thereof.

Plaintiff's position that he has a viable claim as discussed in Bodur v. Presser.    It states:

> "Defendants argue that plaintiff Ibrahim Bodur "had no reason to believe" that the letter was an attempt to collect the debt from him because it was addressed to Ibraham Bodur and included the August 18, 2006 judgment listing the debtor's Brooklyn address (where Ibrahim Bodur admittedly never lived). (Dkt. No. 18: Defs. Br. at 21; Dkt. No. 25: Defs. Opp. Br. at 11, 15.) In essence, defendants are arguing that they did not violate the FDCPA because plaintiff Ibrahim Bodur knew he was not the debtor and could not have reasonably believed that Pressler was attempting to collect the debt from him.
> This argument is unavailing because the FDCPA was enacted, in part, to "eliminate the recurring problem of debt collectors dunning the wrong person." S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699; see also page 9 above. Requiring a plaintiff to

believe that he is the actual debtor would circumvent Congressional intent, allow[ing] unscrupulous debt collectors, and particularly buyers of junk debt who cannot verify the accuracy of the debts or the identities of the debtors, to simply file debt collection actions with impunity against all persons having a similar name as the debtor, on the chance that one of the named defendants is the true debtor, or that one of the named defendants will simply pay the debt allegedly owed under the threat of having a judgment obtained against them, with a resulting levy against their property. Johnson v. Bullhead Invs., LLC, 2010 WL 118274 at *6.

Therefore, PORTFOLIO's argument that Plaintiff knew it was not his account and, as such, is barred from bringing a cause of action fails and should be denied by this Honorable Court.

Plaintiff contest PORTFOLIO'S second argument that there is no evidence this is a consumer debt.  As stated previously, the standard for review for summary judgment includes any and all discovery. WORLD FINANCIAL recognized the account opened was for a credit card for Victoria Secrets.  The application for this consumer account has been presented as evidence. [Plaintiff's Motion for SJ -Exhibit 1]. What constitutes a consumer debt under the FDCPA?  As stated in the Fuller Case:

"In order to prevail on a Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.S. ß 1692 et seq., claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) a defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA."Fuller v. Becker & Poliakoff, P.A 192 F. Supp. 2d 1361, (M.D. Fla. 2002)

PORTFOLIO has not expressed why a Victoria's Secret debt would not be considered a consumer debt. In fact the definition given under this case fits the description of the type of debt at issue in this case (i.e. a transaction primarily for personal, family, or household expenses.) It appears that PORTFOLIO'S argument is that because Plaintiff did not specifically know what this account was used for, he can not prevail as a matter of law. This argument is not consistent with the position many courts have taken.    It appears that PORTFOLIO also seeks to claim they were not the "original creditors" and, therefore, it is was not seeking to collect on a "consumer debt". That argument has also been rejected.   The court rejected this argument in the Fuller Case. The court stated:

> "Defendants fail to acknowledge that, in subsequent decisions, the Eleventh Circuit expressly rejected the notion that a debt under the FDCPA must involve an extension of credit. See Brown v. Budget Rent-A-Car, 119 F.3d at 924 (holding that "extension of credit was not a prerequisite to the existence of the debt covered by the FDCPA"). "In noting another Seventh Circuit panel's rejection of the "extension of credit" requirement in Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1325 (7th Cir. 1997), the Newman court reasoned that past-due assessments qualified as obligations of consumers arising out of a transaction; thereby, satisfying the transaction element of a "debt" under the FDCPA because the obligation to pay was derived from the previous transaction of purchasing the condominium"

Finally, the letter written by Portfolio [Depo of Marco Lopez Exhibit 1 (page 15 of 51)] explicitly states it is for a Victoria's secret

account AND in bold letters that the letter is from a debt collector. This letter is an admission by PORTFOLIO. Therefore, there  is no question of material fact.  This is a consumer debt as defined by the Fair Debt Collection Practices Act.

In support of PORTFOLIO'S argument, they cite the Garcia case. PORTFOLIO claims that because Lopez, like the Plaintiff in Garcia stated that underlying indebtness was not his own, he could not establish that the transaction was a consumer debt. The case law however additionally states:

> "Defendants first argue that Garcia cannot establish that the debt in question arises out of a transaction in which the money was primarily for personal, family, or household purposes. Defendants assert that because Plaintiff cannot prove this essential element, Garcia is not entitled to relief under the FDCPA on any of his claims." Garcia v. LVNV Funding, LLC., 2009 WL 3079962,  *3- *5 (W.D. Tex.)

PORTFOLIO once again misinterprets the law because in Garcia, the Plaintiff failed to claim the debt was for a consumer debt. In Garcia, the Plaintiff denied the debt not only did not belong to him but also that he did not know what the debt was for.  Garcia also failed to conduct discovery to find out what the debt was for.  Conversely, the Plaintiff here was notified numerous times that the debt was specifically for a Victoria's Secret account. All Defendants and the Plaintiff were aware what the debt was.  It concerns the purchase of intimate female apparel.  Moreover, the Plaintiff has conducted

extensive discovery that has left no material dispute that the account was for a consumer debt meeting the essential element under the statue that requires the debt arose of a transaction for personal family, or household purposes.

Therefore, unlike Garcia, Lopez established through discovery, depositions, account statements, that the debt in dispute was for a consumer debt.

**III. Response to even if Plaintiff could establish an issue of fact as to his claims under the FDCPA, PORTFOLIO is still entitled to summary judgment because its actions would constitute a bona fide error as a matter of law**

In support of this argument, PORTFOLIO cites to Bacelli v. MFP, Inc., 729 F. Supp. 2d 1328 (M.D. Fla. 2010) which states:

> "A debt collector may not be held liable if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. To prove this defense, the debt collector must show by a preponderance of the evidence that its violation of the FDCPA (1) was not intentional, (2) was a bona fide error, and (3) occurred despite the maintenance of policy and procedures reasonably adapted to avoid any such error. To be considered a bona fide error, a debt collector's mistake must be objectively reasonable. The court should apply the objective "least-sophisticated con-sumer" standard in determining whether a violation of 15 U.S.C.S. ßß 1692e and 1692f has occurred." Also The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 2010 WL 1200691, at *3 (11th Cir. 2010) [**8] (citation omitted).

Plaintiff here, unlike the Plaintiff in Bacelli, plead that PORTFOLIO'S procedures were insufficient to protect against errors for debt collection. Also, Plaintiff provided evidence that he was contacted after PORTFOLIO knew Plaintiff was represented by counsel. Therefore, PORTFOLIO has failed to meet their burden of preponderance of evidence that the error was indeed bona fide.

Bacelli also states:

> "Plaintiff fails to cite any evidence that MFP intentionally sent the collection notices to Plaintiff after MFP knew Plaintiff had filed for bankruptcy and while Plaintiff was represented by counsel. There is no evidence that MFP did anything other than rely on the information obtained from St. Joseph's Hospital. Additionally, Plaintiff does not challenge MFP's policies and procedures as being insufficient and not reasonably adapted to avoid the errors at issue."

In this case, the Plaintiff did everything that the Plaintiff in Bacelli failed to do, therefore the Plaintiff is entitled to Summary judgment –not PORTFOLIO.

## IV.  PORTFOLIO is entitled to judgment as a matter of law on all of plaintiff's claims under §559.72 the FCCPA

Plaintiff contests this argument as the FCCPA was meant to provide the same protection as the Fair Debt Collection Practices Act or even more.  PORTFOLIO'S position is that the FCCPA provides that the debt collector must have "actual knowledge" that the debt did not

belong to Plaintiff.    Discovery demonstrates that the debt was purchased by PORTFOLIO without asking any questions.   PORTFOLIO did not conduct any investigation prior to sending its initial dunning letter.  The Plaintiff telephonically told PORTFOLIO the account was not his to stop calling him.    PORTFOLIO did not begin a dispute investigation.  Plaintiff filed a law suit and had it served.  PORTFOLIO continued to contact the Plaintiff and, even then, failed to start an investigation.   If an investigation occurred at any time pursuant to their procedures, these procedures failed to protect the consumer. The fact that procedures exist is not enough, at some point …they need to work. Plaintiff's position is that if procedures had been followed besides parroting WORLD FINANCIAL's information, PORTFOLIO would have had actual knowledge the debt was disputed. PORTFOLIO can't argue it didn't know because in reality it chose to close its eyes.

In fact the Supreme Court in Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605 (2010) has given an instructive definition of what constitutes "actual knowledge."

> "The Act is enforced through administrative action and private lawsuits. With some exceptions not relevant here, violations of the FDCPA are deemed to be unfair or deceptive acts or practices under the Federal Trade Commission Act (FTC Act), 15 U. S. C. §41 et seq., and are enforced by the Federal Trade Commission (FTC). See §1692l. As a result, a debt collector who acts with "actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is [prohibited under the FDCPA]" is subject to civil penalties of up to $16,000 per day. §§45(m)(1)(A), (C); 74 Fed. Reg. 858 (2009) (amending 16 CFR §1.98(d))."

Even if Portfolio is claiming they never had ACTUAL knowledge, the objective circumstances surrounding the facts in this case should have led them to believe that this was not the correct Marco Lopez. Therefore, this type of legal error precludes a bona fide error defense.

**V.   Even if Plaintiff could establish an issue of fact as to its claims under the FCCPA, PORTFOLIO is still entitled to judgment because its actions would constitute a bona fide error as a matter of law.**

As Plaintiff stated previously, PORTFOLIO chose to close its eyes. PORTFOLIO purchased this account without asking questions.  It was notified telephonically by the Plaintiff.  PORTFOLIO was served with a law suit and continued to attempt to collect this debt.  PORTFOLIO either had no systems in place or they failed miserably.   As such, PORTFOLIO'S argument of a "Bona Fide Error" has no merit.

**VI. Even if PORTFOLIO is liable under FDCPA OR FCCPA, it is not liable for any phone calls allegedly made to Plaintiff**

Plaintiff contests PORTFOLIO's position that it has no liability for phone calls.  In its motion, PORTFOLIO is not clear as to which phone calls.  Plaintiff assumes it means any and all phone calls made by PORTFOLIO.  Plaintiff received phone calls as part of the collection process and after the complaint was filed and served.  PORTFOLIO fails to cite any case law supporting this position that they are not liable for any phone calls made to the plaintiff.   The opposite is true.   The

evidence demonstrating these calls were made only supports the fact that the procedures put in place to safeguard against errors were flawed.   These procedures, if any, failed miserably.   This bars PORTFOLIO'S bona fide error defense.

## VII. Response to PORTFOLIO'S claim that they did not damage Plaintiff's marriage.

Plaintiff contests PORTFOLIO'S position that there are no actual damages or damages to the marriage.  Plaintiff's position is this is a question for the jury.  Plaintiff testified that the letters from Portfolio were harassment. [See Deposition of Marco Lopez Pages 47-52]. In essence, Plaintiff tried to explain that these new letters re-opened an old wound.  It caused friction in the marriage to the point that he hired an attorney to prove his "innocence".

The issue of damages was discussed in Bodur v. Palisades Collection, LLC., 829 F. Supp.2d 246, (S.D.N.Y. 2011), the Plaintiff sought award for damages including: "sleep deprivation; constant anxiety; nervousness; fear; worry; fright; shock; strain to his marriage; humiliation; intimidation; concentration at work; and instability." (Bodur also sought statutory damages, attorney's fees and court costs.) The court there stated:

> "The decision on whether to award "additional damages" [with statuary damages] and on the size of any such award is committed to the sound discretion of the district court. The district court must, however, consider the

frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors in deciding the amount of any "additional damages" awarded."

Furthermore the court there stated "[b]ecause the [FDCPA] imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).17 "'[A] single violation of the FDCPA is sufficient to impose liability.'" Zimmerman v. Portfolio Recovery Assocs., LLC, 276 F.R.D. at 177 (quoting Ellis v. Solomon & Solomon, P.C., 591 F.3d at 133).   As such, Plaintiff's has proven PORTFOLIO violated the law in attempting to collect a consumer debt and PORTFOLIO is strictly liable.  Accordingly, the issue of damages should be decided by a jury.

## CONCLUSION

Plaintiff has demonstrated through its motion for Summary Judgment and Exhibits that PORTFOLIO violated the Fair Debt Collection Practices Act and the FCCPA.  Plaintiff's motion for Partial Summary Judgment should be granted and PORTFOLIO'S Motion for Summary Judgment should be denied.

WHEREFORE, PLAINTIFF MARCO A. LOPEZ respectfully requests that this Court enter an Order denying Defendant, PORTFOLIO'S motion for Summary Judgment and grant Plaintiff's Motion for Partial

17

Summary Judgment on the issue of liability against PORTFOLIO  and any other such relief as this Court may deem just and proper under the circumstances.

Dated this 9th day of November of 2012.

Respectfully submitted,
Law Offices of
SAMIRA GHAZAL, PA.
Attorney for Plaintiff
1909 SW 27th Avenue
Miami, FL  33145
Tel.  305.860.1221
Fax. 305.860.9161
Email:  Samira@SamiraGhazal.com

 /s/Samira Ghazal
Samira Ghazal, ESQ.
FBN: 0864617

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November of 2012, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsels of record.

/s/ Samira Ghazal
Samira Ghazal
*Attorneys for Plaintiff*