UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case # 1:12-cv-21649-FAM

MARCO A. LOPEZ
    Plaintiff,

    v.
WORLD FINANCIAL NETWORK
NATIONAL BANK
and
PORTFOLIO RECOVERY
ASSOCIATES, LLC.
    Defendants,
_____/

PLAINTIFF MARCO LOPEZ'S
STATEMENT OF CONTESTED MATERIAL FACTS IN SUPPORT
OF ITS RESPONSE IN OPPOSITION TO
DEFENDANT WORLD FINANCIAL'S
MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, MARCO A. LOPEZ ("LOPEZ"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rule 7.5(c) of the United States District Court for the Southern District of Florida, hereby files this Statement of Contested Material Facts in support of its Response in Opposition to World Financial's Motion for Summary Judgment. In support therefore, Plaintiff states:

    I.  STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff contest WORLD FINANCIAL's position that a police report was required and not provided. Plaintiff stated

1

that he did not file a police report because he was not the victim of identity theft. [See Depo of Marco Lopez Page 24, line 15-23]. Plaintiff testified this all started after he received a phone call from WORLD FINANCIAL. He provided his name and his address because the person they were looking for was not him. Thereafter, he started receiving bills to his home address. [See Depo of Marco Lopez, Page 28, Lines 2-10].

Plaintiff claimed and continues to claim that he is not the "real" Marco A. Lopez; Better said, that he is the victim of mistaken identity. A police report would have been appropriate if a crime were committed, but what happened in this case was that WORLD FINANCIAL tagged this debt to the Plaintiff because he had the same name as the person who owed the debt. This type of error does not require the involvement of the police. All other identifying factors, like the date of birth, address, name of the co-borrower [Wife], the Email address, and the Social Security Number do not match. The Plaintiff provided a dispute, but WORLD FINANCIAL concluded this account belonged to the Plaintiff. Even after presented with an affidavit by the "real" Marco A. Lopez, WORLD FINANCIAL continued to maintain its position that this account belonged to the Plaintiff. Plaintiff presented evidence to WORLD FINANCIAL that they had the incorrect person, but they refused to reconsider their investigation, stating that this affidavit did not affect their

conclusions and testimony in any way. [See Depo of Sherri Althoff Page 51, Line 7-21].

Defendant's argument is that Plaintiff is disputing the results of the investigation. The issue is not that they came to the "wrong" conclusion, its that they were put on <u>notice</u> they had the wrong Marco Lopez and failed to <u>disclose</u> this dispute to third parties in violation of the FCCPA. Additionally, they attempted to collect a debt from the Plaintiff which did not belong to him. If they had checked any of the account information, they would have realized that the Plaintiff was 20 years older than the "real" Marco Lopez.

As a result of the continued harassment which affected his marriage, Plaintiff hired an attorney to prove his "innocence" and this law suit was filed.

## MEMORANDUM OF LAW

### I. Summary Judgment Standard

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) "The burden of demonstrating the satisfaction of this standard lies with the

movant, who must present pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that establish the absence of any genuine material, factual dispute." Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1252-53 (11th Cir. 2003) (internal quotations omitted).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Once the moving party satisfies that burden, the non-moving party must introduce facts showing a genuine issue of material fact. Imaging Business Machines, LLC vs. BancTec, 459 F. 3d 1186, 1192 (11th Cir 2006).

III. Legal Arguments

The Plaintiff contests WORLD FINANCIAL's two-part motion for summary judgment. First, WORLD FINANCIAL contends that the Plaintiff cannot sustain a claim under FCCPA§ 559.72(6) because WORLD FINANCIAL believes it is exempt from the statute's expressed language requiring disclosure of disputes. Second, WORLD FINANCIAL states that FCCPA§ 559.72(9) does not apply because they did not have "actual knowledge" that the Plaintiff was not the real debtor, despite the overwhelming abundance of evidence provided by all parties showing the contrary. The Plaintiff's position is that WORLD

4

FINANCIAL should be precluded from summary judgment because WORLD FINANCIAL has violated both sections of the FCCPA.

### A. Response to WORLD FINANCIAL's Entitlement to Summary Judgment on Mr. Lopez's § 559.72(6) claim

The first violation occurred under § 559.72(6) [1] when WORLD FINANCIAL transferred or sold the account to the Defendant PORTFOLIO RECOVERY on or about January 21, 2012, without disclosing that Plaintiff had filed a fraud affidavit disputing the validity of this debt.  (See, Deposition of Nyetta Jackson of PORTFOLIO RECOVERY, at page 9, referring to Exhibit A.)  WORLD    FINANCIAL, without reason, claims that it should be excluded from the rules required under the FCCPA. However, the statute does not provide added language, namely exemptions for accounts that are sold to third parties. As mentioned in WORLD FINANCIAL's own Summary Judgment motion: "Courts are not at liberty to add words to statutes that were not placed there by legislature.[2]" Furthermore, WORLD FINANCIAL correctly states, "when the statute is clear and unambiguous, courts will not look behind the statutes' plain language for legislative intent or resort to rules of statutory construction to

---

[1] See § 559.72 (6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact…

[2] See WORLD FINANCIAL's Summary Judgment Motion, page 4, citing to *Searave v. State,* 802 So.2d 281, 287 (Fla. 2001).

5

ascertain intent."[3] WORLD FINANCIAL's interpretation adding exemptions would defeat the very purpose that the statute was meant to protect (i.e requiring disclosures of disputes). Therefore, when WORLD FINANCIAL transferred the account to Portfolio, disclosure of Mr. Lopez's dispute MUST have been disclosed.  No exceptions are listed. Therefore, no exceptions should be added.

Moreover, WORLD FINANCIAL contends that the Plaintiff's dispute did not occur until after WORLD FINANCIAL sold the debt to Portfolio. However, it is undisputed that Mr. Lopez notified WORLD FINANCIAL verbally and in writing that they had the wrong person. He communicated this to WORLD FINANICIAL prior, during, and after the account was sold to Portfolio. Consequently, WORLD FINANCIAL knew of the dispute more than three years prior to the sale of the account to Portfolio.[4] Accordingly, a "collection" dispute did exist during the statutory period and WORLD FINANCIAL's failure to disclose this dispute establishes a direct violation of the statute.

Finally, WORLD FINANCIAL'S argument is not logical.  For what purpose did WORLD FINANCIAL disclose the account information to PORTFOLIO?  WORLD FINANCIAL disclosed account information for the purpose of "attempting to collecting on the debt".  Specifically, they wanted to receive money on the account.  They not only

---

[3] *See* WORLD FINANCIAL's Motion for Summary Judgment, page 3-4, citing *Lee County Elec. Coop., Inc. v. Jacobs,* 820 So.2d 297, 303 (Fla. 2002)
[4] See [See Fraud Affidavit Exhibit 3].  See WFNNB letter notifying sale of account to Portfolio.

"attempted to collect on the debt", but were successful in collecting on the debt.  They succeeded collecting on the debt when it was sold.  It was sold, and arguably for a better price, because WORLD FINANCIAL represented it was undisputed.  The lack of disclosure is what the statute defines as a violation.

B. Response to WORLD FINANCIAL's Entitlement to Summary Judgment on Mr. Lopez's § 559.72(9) claim because WORLD FINANCIAL did not know that the account was not the Plaintiff's

The second violation occurred under § 559.72(9) when WORLD FINANCIAL "attempt[ed], to enforce a debt that [WORLD FINANCIAL] kn[ew] was not legitimate.[5]"  WORLD FINANCIAL rightfully states that in order to impose liability, the statute requires actual knowledge that a debt is not legitimate.[6] The question before the court then becomes: What establishes actual knowledge?

WORLD FINANCIAL attempts to define the term actual knowledge with the Schauer case. However, the case is factually distinguishable from this case. First, the Defendant in Schauer never had direct contact with Plaintiff. Second, the Plaintiff there stated that the reason why the debt was not his own was due to forgery. However, his claims were discredited when his own handwriting expert

---

[5] § 559.72 (9)  Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

[6] *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328 (M.D. Fla. 2010)

7

discounted the Plaintiff's claims of forgery of his debt.[7] Therefore, the court there determined this was not enough evidence to show Defendant's had actual knowledge

In contrast to Schauer, WORLD FINANCIAL did have direct contact with the Plaintiff on numerous occasions and on each occasion Mr. Lopez stated that he was not the correct person. Furthermore, WORLD FINANCIAL has admitted that all the information provided by the "real" Marco Lopez (except the name) is completely different than the Plaintiff Marco Lopez.  And Although, WORLD FINANCIAL knew Plaintiff had disputed the account, and/or the identity of the "real" Marco Lopez, WORLD FINANCIAL instead continued to contact the Plaintiff telephonically and in writing in an effort to collect this debt. [See generally, Deposition of Sherri Althoff of WORLD FINANCIAL]. Accordingly, WORLD FINANCIAL's objection to having actual knowledge to the legitimacy of the debt is unfounded.

Again, even after additional evidence was presented, WORLD FINANCIAL stated that this new evidence, specifically the affidavit from the "real" Marco Lopez, was insufficient to change their conclusions. WORLD FINANCIAL is not willing to accept they erred.  Unfortunately, these actions have severely impacted the Plaintiff and he is entitled to recourse.

---

[7] *See Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 5-6 (Fla. 4th DCA 2009).

8

IV: CONCLUSION

Plaintiff asks the court to consider the abundance of evidence that proves: (1) WORLD FINANICAL violated 559.72(6) in failing to disclose Mr. Lopez's disputes to Portfolio and (2) WORLD FINANCIAL had actual knowledge that the Plaintiff and the real debtor were not the same person, thereby violating 559.72(9). Therefore, Summary Judgment should be denied for WORLD FINANCIAL and granted for the Plaintiff.

WHEREFORE, PLAINTIFF MARCO A. LOPEZ respectfully requests that this Court enter an Order denying Defendant, WORLD FINANCIAL'S motion for Summary Judgment and grant Plaintiff's Motion for Partial Summary Judgment on the issue of liability against WORLD FINANCIAL and such other relief as this Court may deem just and proper under the circumstances.

Dated this 9th day of November of 2012.

Respectfully submitted,
Law Offices of
SAMIRA GHAZAL, PA.
Attorney for Plaintiff
1909 SW 27th Avenue
Miami, FL  33145
Tel.  305.860.1221
Fax. 305.860.9161
Email:  Samira@SamiraGhazal.com

        /s/Samira Ghazal
Samira Ghazal, ESQ.
FBN: 0864617

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November of 2012, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsels of record.

        /s/ Samira Ghazal
Samira Ghazal
*Attorneys for Plaintiff*