**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MARCO A. LOPEZ,

    Plaintiff,

                                    Case No. 1:12-cv-21649-FAM

v.

WORLD FINANCIAL NETWORK
NATIONAL BANK; and PORTFOLIO
RECOVERY ASSOCIATES, LLC,

    Defendants.
_____/

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S DOCUMENTS AND WITNESS OF SHANNAN R. POWELL**

    Defendant, Portfolio Recovery Associates, LLC ("Portfolio"), by and through its undersigned counsel and pursuant to Southern District of Florida Local Rule 7.1(c), hereby files this its Memorandum of Law in Opposition to Plaintiff's Motion to Exclude Defendant's Documents and Witness of Shannan R. Powell, and states as follows:

**I. BACKGROUND.**

    The Declaration of Shannan R. Powell (the "Powell Declaration") was offered to rebut claims that were raised by Plaintiff *for the first time* in his Motion for Partial Summary Judgment (Plaintiff's "MSJ"). Specifically, Plaintiff's MSJ seeks summary judgment on the issue of liability for alleged collection violations that occurred *after* the Complaint had been served upon Portfolio. (*See* Portfolio's Memorandum in Opposition of Plaintiff's MSJ at 13-15); (Plaintiff's MSJ at 11-12.)

    Plaintiff urges the striking of the Powell Declaration, however, this Court should deny Plaintiff's Motion to Strike for several reasons. First, Plaintiff failed to meet and confer with

Portfolio prior to filing his Motion to Strike in violation of Southern District of Florida Local Rule 7.1(a)(3). Additionally, the Powell Declaration has been offered as rebuttal testimony and therefore was not submitted in violation of Rules 26(a) and 37(c) of the Federal Rules of Civil Procedure. But even if it was, sanctions of any kind would still not be appropriate here because Portfolio was substantially justified in its actions and/or the violation was harmless to Plaintiff's case. Consequently, this Court should deny Plaintiff's Motion to Strike, and consider the Powell Declaration when ruling upon Plaintiff's MSJ.

II. **PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED FOR HIS FAILURE TO MEET AND CONFER WITH PORTFOLIO IN VIOLATION OF LOCAL RULE 7.1(a)(3).**

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), Plaintiff was required to meet and confer with Portfolio prior to filing his Motion to Strike with the Court. However, Plaintiff did not meet and confer or attempt to do so prior to filing his Motion. Local Rule 7.1(a)(3) provides that his failure to do so may serve as grounds for both denying his Motion to Strike and for the imposition of sanctions. As such, Plaintiff's failure to comply with this Court's Rules is fatal to his Motion to Strike, and this Court should therefore deny it.

III. **THE POWELL DECLARATION SHOULD NOT BE STRICKEN BECAUSE IT DOES NOT VIOLATE RULE 26(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Notwithstanding the fact that Plaintiff's Motion to Strike was filed in violation of the Local Rules, this Court should also deny Plaintiff's Motion to Strike the Powell Declaration because the Declaration was not submitted in violation of the Federal Rules of Procedure. Rule 26(a) only required Portfolio to disclose those individuals that were "*likely* to have discoverable information" that Portfolio "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Up until the time it received a copy of Plaintiff's MSJ,

2

however, it was not "likely" that Portfolio would have to defend against alleged collection actions that occurred *after* service of the Complaint. Any such violations could not have been included in Plaintiff's Complaint at the time of service because they had not yet occurred. Plaintiff has also never moved to amend his Complaint to include these additional allegations that are now contained in his MSJ. (*See* Plaintiff's MSJ at 11-12.) Thus, because these claims first appeared in Plaintiff's MSJ, no one could have known that Plaintiff would "likely" be seeking damages for them prior to that time. This is especially true once the time for amending Plaintiff's Complaint passed because raising new claims at summary judgment that were not properly pled is procedurally improper and grounds for dismissal of those new claims. (*See* Portfolio's Memorandum in Opposition at 13-15.)

Simply put, because the Powell Declaration only relates to alleged violations that occurred after service of the Complaint, the testimony of Ms. Powell was completely irrelevant until Plaintiff unexpectedly attempted to recover for such violations at the eleventh hour.

Portfolio, therefore, had no duty under Rule 26(a) to disclose Ms. Powell as a witness prior to submitting its Memorandum in Opposition. Her testimony only relates to Plaintiff's alleged post-service violations and, based on all of Plaintiff's previously filed pleadings and discovery responses, it was not "likely" that such testimony would be necessary to defend against Plaintiff's suit.

Had Plaintiff moved to amend his Complaint prior to submitting his MSJ, properly pled the claims that the Powell Declaration references, and then had Portfolio not disclosed Ms. Powell as a witness, perhaps a different outcome would be warranted. But this is not what transpired and Rule 26(a) cannot be read to impose a duty to disclose witnesses pertinent to every possible claim that could potentially be asserted by the other party, including claims not

even referenced in the pleadings. To the contrary, Rule 26(a) is clear in this regard, imposing disclosure of only those witnesses that are "likely" to be pertinent to a claim or defense. This is not the case here and, as a consequence, the Powell Declaration could not have been filed in violation of Rule 26(a). This Court should therefore not strike the Powell Declaration because it was properly submitted and not in violation of the Federal Rules of Civil Procedure.

## IV. THE POWELL DECLARATION SHOULD NOT BE STRICKEN BECAUSE PORTFOLIO'S FAILURE TO DISCLOSE WAS SUBSTANTIALLY JUSTIFIED AND/OR HARMLESS.

Even if Portfolio's failure to disclose Ms. Powell as a witness was a violation of Rule 26(a), striking it would still be improper because such a violation would be "substantially justified" and/or "harmless" to Plaintiff's case. *See* Fed. R. Civ. P. 37(c)(1).[1]

In determining whether there was substantial justification for the failure to disclose or whether the failure to disclose was harmless, courts in the Southern District of Florida consider four factors: "**(1)** the importance of the excluded testimony; **(2)** the explanation of the party for its failure to comply with the required disclosure; **(3)** the potential prejudice that would arise from allowing the testimony; and **(4)** the availability of a continuance to cure such prejudice." Managed Care Solutions, Inc. v. Essent Healthcare, Inc., No. 09–60351–CIV 2010 WL 1837724, at *4 (S.D. Fla. May 3, 2010); *see also* Cooley v. Great Southern Wood, 138 Fed.Appx. 149, 161

---

[1] In pertinent part, Rule 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, ***unless the failure was substantially justified or is harmless***….

Fed. R. Civ. P. 37(c)(1) (emphasis added).

(11th Cir. 2005); Vitola v. Paramount Automated Food Services, Inc., No. 08–61849–CIV, 2009 WL 5067658, at *1 (S.D. Fla. Dec. 17, 2009).

In this case, all four factors weigh heavily in Portfolio's favor. The Powell Declaration is important to Portfolio's bona fide error defense. (*See* Portfolio's Memorandum in Opposition at 14-15.) It demonstrates that, even if Portfolio did violate collection laws after service of the Complaint, it is not liable for such violations because they were the result of Plaintiff's counsel's failure to provide Portfolio with information that would assist it in identifying Plaintiff's account and placing it on hold. (*See generally* Powell Declaration.)

As explained above, the only reason Portfolio failed to disclose Ms. Powell as a witness earlier was because Plaintiff's claims relating to post-service collection violations were brought-up for the first time on summary judgment. As such, the Powell Declaration was simply offered as rebuttal to these previously undisclosed claims. Portfolio has also not acted in bad faith or with a willingness to withhold evidence, and Plaintiff has not pointed to any evidence suggesting such. Had these claims come up earlier, Portfolio would have disclosed Ms. Powell as a witness at the proper time.

Plaintiff cannot be prejudiced or surprised by the Powell Declaration, as Plaintiff's counsel was aware of everything testified to in the Powell Declaration. It states that Ms. Powell twice informed Plaintiff's counsel that Portfolio needed additional information to place Plaintiff's account on hold, and outlines correspondences between the two regarding the same. Additionally, Plaintiff had ample opportunity to move to amend his Complaint, thereby putting Portfolio on notice that Ms. Powell's testimony would be "likely."

Even if the Powell Declaration was prejudicial to Plaintiff, such prejudice would be miniscule and could be easily cured. For instance, Plaintiff's counsel could simply submit her

5

own affidavit addressing the Powell Declaration.[2] Further, there is plenty of time before trial to cure any such prejudice. Trial is set is not set until February 11, 2013, which leaves several months for Plaintiff's counsel to request or submit additional evidence.

In contrast, not allowing Portfolio to adequately defend itself against Plaintiff's untimely and improper request for summary judgment for alleged post-service violations without ever seeking to amend his Complaint would be much more prejudicial to Portfolio than to Plaintiff. As a consequence, even if Portfolio has violated Rule 26(a), Plaintiff's Motion to Strike must still be denied because such violation would be substantially justified and/or harmless.

## V. CONCLUSION.

The Powell Declaration sets forth how Portfolio attempted to avoid contacting Plaintiff after it was served, and points to Plaintiff's counsel's failure to timely respond to Portfolio's information requests as the primary reason Portfolio would have tried to contact Plaintiff after service. (*See generally* Powell Declaration.) Perhaps Plaintiff's counsel is embarrassed that Portfolio brought her procrastination in responding to Portfolio's reasonable requests to the Court's attention. However, these do not form a sufficient basis to strike the Powell Declaration.

Plaintiff's Motion to Strike should be denied for several reasons. It is improper, as Plaintiff failed to meet and confer with Portfolio as required by the Local Rules. Further, the Powell Declaration does not violate the Federal Rules of Civil Procedure because Ms. Powell was not "likely" to be a witness. Portfolio was never put on notice that Plaintiff was seeking damages for post-service violations until it received a copy of Plaintiff's MSJ. Lastly, even if the Powell Declaration is improper despite all of the foregoing, then it should still not be stricken

---

[2] The problem, of course, is that Plaintiff's counsel cannot legitimately contradict the statements made in the Powell Declaration. Portfolio suspects that this is in part the reason Plaintiff filed a motion to strike the Powell Declaration instead of disputing its substance.

because Portfolio's actions were substantially justified and/or harmless in this case. It is not prejudicial to Plaintiff and is important to Portfolio's bona fide error defense.

WHEREFORE, Portfolio respectfully requests that this Court deny Plaintiff's Motion to Strike Defendant's Documents and Witness of Shannan R. Powell, and grant such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2012 this Notice was electronically filed with the Clerk of Court using the ECF electronic filing system which electronically notifies the following:

| Samira Ghazal, Esq. | Dale Golden, Esq. |
|---|---|
| 1909 SW 27th Avenue | Golden & Scaz, PLLC |
| Miami, FL 33145 | 201 North Armenia Avenue |
| samara@samiraghazal.com | Tampa, FL 33609 |
| | dale.golden@goldenscaz.com |

s/ Robert E. Sickles
Robert E. Sickles, P.A.
rsickles@hinshawlaw.com
Florida Bar No. 167444
**HINSHAW & CULBERTSON LLP**
100 South Ashley Drive, Suite 500
Tampa, FL 33602
Telephone:  813-276-1662
Facsimile: 813-276-1956
*Attorney for Defendant Portfolio Recovery Associates, LLC*

7